# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER B. TAYLOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 08-cv-039-DRH** |
| | ) | |
| **D. B. DREW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner filed this action in the United States District Court for the Northern District of Alabama, invoking jurisdiction under 28 U.S.C. § 2241. Magistrate Judge Harwell G. Davis, III, found that Petitioner was attempting to challenge the validity of his conviction in this District. *See United States v. Taylor*, Case No. 04-cr-30095 (S.D. Ill., filed July 22, 2004), *aff'd*, Appeal No. 06-2521 (7th Cir. April 25, 2007). He then construed the action as one filed under 28 U.S.C. § 2255, and then transferred the action to this Court.

Now before this Court is Petitioner's motion contesting recharacterization (Doc. 12). He claims, first, that Magistrate Judge Davis failed to advise him of the consequences of construing the action as one filed under § 2255. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003). He also claims that this Court does not have jurisdiction over this matter, and he seeks an order transferring the action back to the Northern District of Alabama.

Petitioner is correct – he should have been fully advised of the consequences of such a recharacterization and then given the opportunity to either withdraw his petition or to amend it. This

Court also agrees with Magistrate Davis – Petitioner is clearly attempting to challenge the validity of his conviction in this District, and such a challenge may only be brought under § 2255, which must be filed in the court of conviction. Therefore, Petitioner's instant motion challenging the recharacterization is **DENIED**.

Pursuant to *Castro*, Petitioner is now advised of the following:

- This Court intends to recharacterize this action as one filed under § 2255;

- This recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions.

**IT IS HEREBY ORDERED** that, within **THIRTY (30) DAYS** from the date of entry of this order, Petitioner may do one of the following:

(1) He may voluntarily withdraw his petition and dismiss this action, or, in the alternative,

(2) He may amend his motion it so that it contains all the § 2255 claims he believes he has.

If Petitioner opts to do nothing within the thirty-day time period, the Court will proceed with this action on its face as though it were a motion filed under § 2255.

Petitioner's motions for determination of status (Docs. 10, 11) and for initial consideration (Docs. 14, 15) are now **MOOT**.

**IT IS SO ORDERED.**

**DATED: July 18, 2008.**

/s/　　 DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**