# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER B. TAYLOR,** | ) |
| **Petitioner,** | ) |
| vs. | ) **CIVIL NO. 08-cv-039-DRH** |
| | ) **CRIMINAL NO. 04-cr-30095** |
| **D. B. DREW,** | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner filed this action in the United States District Court for the Northern District of Alabama, invoking jurisdiction under 28 U.S.C. § 2241. Magistrate Judge Harwell G. Davis, III, found that Petitioner was attempting to challenge the validity of his conviction in this District. *See United States v. Taylor*, Case No. 04-cr-30095 (S.D. Ill., filed July 22, 2004), *aff'd*, Appeal No. 06-2521 (7th Cir. April 25, 2007). He construed the action as one filed under 28 U.S.C. § 2255, and then transferred the action to this Court.

This Court subsequently advised Petitioner of the consequences of construing the action as one filed under § 2255, and gave him an opportunity to amend his petition (Doc. 16). *See generally Castro v. United States*, 540 U.S. 375, 382-83 (2003). Petitioner does not wish to amend his petition (see Doc. 17), and so this matter before the Court for a preliminary review of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

## BACKGROUND

Petitioner was charged with several counts involving possession and distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Petitioner was found guilty after a jury trial; this Court imposed a sentence of 300 months incarceration, five years supervised release, a special assessment of $200 and a fine of $1000. Petitioner appealed, but his conviction and sentence were affirmed. *United States v. Taylor*, Appeal No. 06-2521 (7th Cir., April 25, 2007).

## CLAIMS PRESENTED

In the instant petition, Taylor claims his conviction should be vacated because this Court did not have "exclusive jurisdiction over the exact geographical location where the alleged criminal activity mentioned in the indictment took place." In other words, because the charged criminal acts did not take place on federally-owned property, Petitioner believes that the federal court had no jurisdiction over this matter unless the Government was able to prove a nexus with interstate commerce.

It appears that Petitioner attempted to raise this issue on direct appeal. However, in considering this point that was raised in counsel's *Anders* brief, the Seventh Circuit said, "Counsel correctly observes that Taylor's desire to challenge the district court's subject-matter jurisdiction is patently frivolous...." *Id.*

Furthermore, "[t]o sustain a conviction under 21 U.S.C. § 841(a)(1) the government must show that the defendant (1) knowingly or intentionally possessed cocaine (2) with the intent to distribute it (3) while knowing it was a controlled substance." *United States v. Starks*, 309 F.3d 1017, 1022 (7th Cir. 2002). There is no requirement that the Government prove a nexus to interstate commerce. Therefore, Petitioner's sole ground for relief is without merit.

**CONCLUSION**

As discussed above, none of the grounds presented by the Petitioner entitle him to relief under Section 2255 of Title 28. Accordingly, the Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to change the docket of this matter to reflect the nature of case as a motion under 28 U.S.C. § 2255, instead of 28 U.S.C. § 2241. The Clerk shall also make the appropriate notation in the docket of the criminal case to reflect that Petitioner filed a motion under § 2255.

**IT IS SO ORDERED.**

**DATED: August 15, 2008.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**