# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER B. TAYLOR,** | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL NO. 08-cv-039-DRH |
| vs. | ) |
| | ) CRIMINAL NO. 04-cr-30095 |
| **D. B. DREW,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is Petitioner's application for certificate of appealability (Doc. 23), along with his notice of appeal from the Order of this Court denying Petitioner's motion under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, Section 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

Petitioner argues that his claim regarding subject matter jurisdiction was "debatable among jurists of reason." However, as this Court pointed out (*see* Doc. 18), the Seventh Circuit already found that "Taylor's desire to challenge the district court's subject-matter jurisdiction is patently frivolous...." *United States v. Taylor*, Appeal No. 06-2521 (7th Cir., April 25, 2007). Thus, this argument does not make "a substantial showing of the denial of a constitutional right."

Petitioner claims that this Court erred in not allowing him to amend his § 2255 motion, but such a claim does not make "a substantial showing of the denial of a constitutional right,"

particularly since Petitioner had previously stated that he "[did] not wish to amend [his] motion which were construed to a 28 U.S.C. 2255 motion." (Doc. 17).

Accordingly, the application for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   October 20, 2008.**

      /s/      DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**